**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Uber Technologies Incorporated, | No. CV-23-00416-PHX-JAT |
| Petitioner, | **ORDER** |
| v. | |
| Sir Lawrence Davis, | |
| Respondent. | |

Pending before the Court is Petitioner's Motion for Alternative Service. (Doc. 11). The Court now rules.

**I.      BACKGROUND**

Petitioner initiated this action against Respondent, filing a Petition for Confirmation of Arbitration Award with this Court. (Doc. 1). Petitioner has been unable to effect service upon Respondent in this matter. (Doc. 11 at 2).

On March 9, 2023, Petitioner provided Mr. Christopher Houk, Respondent's attorney in the underlying arbitration, with a courtesy copy of the Petition for Confirmation of Arbitration Award, requesting that he accept service on Respondent's behalf. (Doc. 11 at 1–2). Upon being informed that Mr. Houk was not authorized to accept service, Petitioner sent the documents for service of process. (*Id.* at 2). The process server made five attempts to serve between March 17, 2023, and March 27, 2023, at Respondent's last known address, each of which were unsuccessful. (*Id.*).

Following these service attempts, Mr. Houk filed a pleading on Respondent's behalf

1   in a separate litigation on March 29, 2023, which suggests an ongoing attorney-client

2   relationship with Respondent. (Doc. 11 at 2). Petitioner indicates Respondent may be

3   evading physical service and is well-aware of this action due to this relationship. (*Id.*).

4   Considering the difficulty Petitioner has had in serving Respondent, Petitioner now

5   seeks alternative service by mailing the Petition for Confirmation of Arbitration Award

6   and Summons to Respondent's last known address and by emailing the same to his last

7   known email address and to Mr. Houk. (Doc. 11 at 3). Petitioner believes that emailing

8   Respondent's attorney of record, in addition to emailing Respondent directly, will

9   effectuate proper service, due to the ongoing communication between Mr. Houk and

10   Respondent. (*Id.* at 2).

11   ## II.    LEGAL STANDARD

12   The procedural requirement of service of the summons must be satisfied before a

13   federal court may exercise personal jurisdiction over a defendant. *SEC v. Ross*, 504 F.3d

14   1130, 1138 (9th Cir. 2007). Accordingly, "[a] federal court is without personal jurisdiction

15   over a defendant unless the defendant has been served in accordance with Fed.R.Civ.P.4."

16   *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986), *amended by* 807 F.2d 1514 (9th Cir.

17   1987).

18   Federal Rule 4(e)(1) allows summons to be served on an individual in a manner that

19   follows "state law for serving a summons in an action brought in courts of general

20   jurisdiction in the state where the district court is located or where service is made." Fed.

21   R. Civ. P. 4(e)(1). Arizona Rule of Civil Procedure ("Arizona Rule") 4.1(k) authorizes

22   service by alternative means as follows:

23   (1) Generally. If a party shows that the means of service provided in Rule
24   4.1(c) through Rule 4.1(j) are impracticable, the court may--on motion and
     without notice to the person to be served--order that service may be
     accomplished in another manner.

25   (2) Notice and Mailing. If the court allows an alternative means of service,
26   the serving party must make a reasonable effort to provide the person being
     served with actual notice of the action's commencement. In any event, the
27   serving party must mail the summons, the pleading being served, and any
     court order authorizing an alternative means of service to the last-known
28   business or residential address of the person being served.

1
2

      (3) Service by Publication. A party may serve by publication only if the requirements of Rule 4.1(l), 4.1(m), 4.2(f), or 4.2(g) are met and the procedures provided in those rules are followed.

3

Ariz. R. Civ. P. 4.1(k). If alternative service of process is appropriate, any proposed

4

alternative method of service must comport with constitutional notions of due process. *Rio*

5

*Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002). To meet such a

6

requirement, the alternative method of service "must be 'reasonably calculated under all

7

the circumstances, to apprise the interested parties of the pendency of the action and afford

8

them an opportunity to present their objections.'" *Id.* at 1016–17 (quoting *Mullane v. Cent.*

9

*Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

10

### III.    ANALYSIS

11

#### a.  Motion for Alternative Service

12

      Petitioner has made the requisite showing under Federal Rule 4(e)(1) to justify

13

alternative service. For the Court to grant Petitioner's Motion for Alternative Service,

14

service must prove impracticable. Ariz. R. Civ. P. 4.1(k). Impracticability requires

15

"something less than a complete inability to serve the defendant" and even "something less

16

than the 'due diligence' showing required before service by publication may be utilized."

17

*Blair v. Burgener*, 245 P.3d 898, 903–04 (Ariz. Ct. App. 2010). Courts have found that

18

"impracticable" simply means that the traditional means of service have proved to be

19

"extremely difficult or inconvenient." *Id.* at 904. Here, the Court finds that the traditional

20

means of service have proved to be impracticable.

21

      Petitioner has made five attempts to serve Respondent but has discovered that

22

Respondent is not present at his posted address and appears to be evading service. (*See*

23

Doc. 11 at 2). The District of Arizona has regularly allowed for alternative service when

24

Petitioner has attempted service multiple times and failed. *See, e.g.*, *Szabo v. Sw.*

25

*Endocrinology Associates PLLC*, CV-20-01896, 2020 WL 7714569, at *1–2 (D. Ariz. Dec.

26

29, 2020) (finding service impracticable and granting alternative service after multiple

27

attempts to serve at defendant's residence); *BMO Harris Bank, N.A. v. D.R.C. Investments,*

28

*L.L.C.*, CV-13-1692, 2013 WL 4804482, at *4 (D. Ariz. Sept. 9, 2013) (same).

1    Petitioner's proposed alternative means of service—mailing the court papers
2    required under Ariz. R. Civ. P. 4.1(k) to Respondent's last known address and emailing the
3    same to Respondent's last known address and to that of his current counsel—constitutes
4    "a reasonable effort to provide the person being served with actual notice of the action's
5    commencement." Ariz. R. Civ. P. 4.1(k)(2). Emailing the required documents to Mr. Houk
6    is considered "reasonably calculated" under circumstances that evidence an ongoing
7    attorney-client relationship with Respondent and would be most likely to apprise
8    Respondent of the action. *Mullane*, 339 U.S. at 314. Additionally, the Ninth Circuit has
9    found that due process requires "nothing more" than service of process by email when that
10   "may be the only means of effecting service of process" to apprise the respondent of the
11   lawsuit. *Rio*, 284 F.3d at 1018. Many courts have allowed alternative service by email even
12   when there are other means of communication available. *See, e.g.*, *Ruffino v. Lokosky*, 425
13   P.3d 1108, 1113 (Ariz. Ct. App. 2018) ("Given our present society, we agree with the
14   superior court that modern methods of communication, especially email, were more likely
15   to give [respondent] notice of a suit than publication in a newspaper distributed in a rural
16   area 70 miles from [respondent's] Scottsdale home."); *Johnson v. Mitchell*, No. CIV S-10-
17   1968, 2012 WL 1413986, at *5 (E.D. Cal. Apr. 23, 2012) (allowing email service of process
18   in addition to mail delivery of process). This Court finds service of process on Respondent
19   by traditional means is impracticable. Therefore, this Court will grant Petitioner's request
20   for alternative service.

### b. Motion for Extension of Time to Serve

22   Petitioner also moves for an extension of time to serve Respondent. (Doc. 14).
23   Under Rule 4(m) of the Federal Rules, all defendants must be served within ninety days
24   after the initial complaint is filed. Fed. R. Civ. P. 4(m). If the Plaintiff fails to serve in this
25   time, the court must dismiss the action. *See id.* But there are two avenues for relief under
26   Rule 4(m). *See Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009).

27   "The first is mandatory[.]" [*Lemoge*, 587 F.3d at 1198]
     (citation and footnote omitted). Based upon the plain language
28   of that Rule, "the district court must extend time for service
     upon a showing of good cause." *Id.* (citation and footnote

- 4 -

omitted).

"The second is discretionary [.]" *Id.* (citation omitted). Notwithstanding Rule 4(m), "if good cause is not established, the district court may extend time for service upon a showing of excusable neglect." *Id.* (citation omitted).

Engaging in the "two step analysis" which the Ninth Circuit "requires[,]" the court will first consider whether on this record there is good cause, thus mandating an extension of time for service under Rule 4(m). *See In re Sheehan*, 253 F.3d at 512. Courts must determine whether good cause "has been shown on a case by case basis." *Id.* (citation omitted).

*Trueman v. Johnson*, 2011 WL 6721327, *3 (D. Ariz. December 21, 2011).

In order to establish good cause, the petitioner must show: 1) excusable neglect, 2) the party to be served personally received actual notice of the lawsuit, 3) the defendant would suffer no prejudice, and 4) the plaintiff would be severely prejudiced if his complaint were dismissed. *See id.* If good cause cannot be shown, "the court must proceed to the second step of the analysis, and decide whether, in its discretion, to extend the prescribed time for service of the FAC." *Id* at *5. The Ninth Circuit has not set forth a specific test that "a court must apply in exercising its discretion under Rule 4(m)[,] noting that, under the terms of the rule, the court's discretion is broad." *Id.* (*quoting Gill v. Waikiki Lanai, Inc.*, 2011 WL 3648772, at *7 (D. Hawai'i Aug.18, 2011) (internal quotations omitted).

That broad discretion is not limitless, however. *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir.2007). "To determine whether a party's failure to meet a deadline constitutes 'excusable neglect,' courts must apply a four-factor equitable test...." *Trueman*, 2011 WL 6721327 at *5.

That four factor equitable test requires, at a minimum, examination of: "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Ahanchian*, 624 F.3d at 1261 (citations omitted). Those four enumerated factors are "not an exclusive list[,]" however. *Lemoge*, 587 F.3d at 1195 (internal quotation marks and citation omitted). "In some circumstances, the prejudice a denial would cause to the movant must also be considered, but it is not a fact that must be assessed in each and every case." *S.E.C. v. Platforms*

*Wireless Int'l Corp.*, 617 F.3d 1072, 1092 (9th Cir.2010) (internal quotation marks and citation omitted).

*Id.* at \*6.

Good cause has been shown here. Consequently, the motion for extension of time will be granted. Looking to the last three factors of the test, all have been met. Petitioner has evidence that Respondent has actual notice of the suit. Petitioner notified Respondent's attorney of this lawsuit. (*See* Doc. 14 at 2). This attorney is currently representing Respondent in another suit. (*See id.*). Additionally, Respondent will not suffer prejudice through the grant of an extension as he is, through his agent, aware of the suit. The Court finds no prejudice to Respondent when Respondent successfully evades service and then does not get the benefit of the suit being dismissed. Finally, it does seem that Petitioner would suffer severe prejudice. It has attempted to serve Respondent on numerous occasions, and without an extension of time it would not be able to proceed with this lawsuit.

The excusable neglect prong has also been met. As was previously noted, there is little danger of prejudice to Respondent. Furthermore, this would only be adding a short delay of ninety days to the proceedings. And notably this delay was caused by the fact that, despite Petitioner's five separate attempts to serve Respondent, and its attempt to serve him through his counsel, it appears that Respondent is purposefully evading service. (*See* Doc. 11 at 2). Finally, Petitioner is acting in good faith given all the effort it has made to serve Respondent through normal means. Consequently, this Court concludes that there is good cause to extend the time for service.

## IV.   CONCLUSION

Accordingly,

**IT IS ORDERED** that Petitioner's Motion for Alternative Service on Respondent Sir Lawrence Davis, (Doc. 11), is **GRANTED**.

**IT IS FURTHER ORDERED** that Petitioner may serve Respondent by mailing (via ordinary mail) the Petition for Confirmation of Arbitration Award, the Summons and

1  a copy of this Order to Respondent's last known address, emailing a copy of the same to

2  his last known email address and emailing a copy of the same to the email address of Mr.

3  Houk, Respondent's attorney of record in another case.

4        **IT IS FINALLY ORDERED** that Petitioner's motion for extension of time to

5  serve, (Doc. 14), is granted such that Petitioner has ninety days from the date of this order

6  to serve Respondent.

7        Dated this 12th day of June, 2023.

8

9

10

11

                James A. Teilborg
          Senior United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28