WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Uber Technologies Incorporated,<br><br>　　　　Petitioner,<br><br>v.<br><br>Sir Lawrence Davis,<br><br>　　　　Respondent. | No. CV-23-00416-PHX-JAT<br><br>**ORDER** |

　　　　Pending before the Court is Uber Technology Incorporated's ("Petitioner") Petition to Confirm Arbitration Award. (Doc. 1, as amended at Doc. 10). The petition is fully briefed. (*See* Doc. 10, Doc. 17, Doc. 18). The Court will now rule.

**I.　　BACKGROUND**

　　　　This petition arises from an arbitration hearing held on August 15-17, 2022, between Petitioner and Sir Lawrence Davis ("Respondent"). (*See* Doc. 10 at 3). Respondent is a former employee of Petitioner. (*See id.* at 2). On July 24, 2018, Respondent entered an Alternative Despite Resolution Agreement ("Arbitration Agreement") with Petitioner. (*See* Doc. 10-1 at 6). Under the Arbitration Agreement, any dispute related to Respondent's employment must be resolved through arbitration. (*See id.* at 3). Additionally, the agreement provides that "[a] court of competent jurisdiction shall have authority to enter a judgment upon the award made pursuant to the arbitration." (*Id.* at 5). Respondent initiated arbitration proceedings by raising "claims of discrimination on the basis of race, sex and retaliation" that occurred during his employment with Petitioner. (Doc. 10 at 2). On June

30, 2022, the Arbitrator granted Respondent's Motion for Summary Judgement on some of the claims. (*See* Doc. 10-1 at 108). On October 31, 2022, the Arbitrator issued a Final Award finding that Petitioner prevailed on the remaining claims. (*See id.* at 128). The Arbitrator amended the Final Award on November 2, 2022, to include language regarding costs and fees. (*See* Doc 10. at 3). On December 27, 2022, the Arbitrator found Petitioner's request for costs to be reasonable and issued an Order of Bill of Costs totaling $3,379.73. (*See* Doc. 10-1 at 160). On March 9, 2023, Petitioner asked the Court to confirm the Order on Motion for Summary Judgment, the Arbitration Award, and the Order of Bill of Costs. (*See* Doc. 18 at 1).

## II.       LEGAL STANDARD

Under the Federal Arbitration Act ("FAA") if the parties to an arbitration agree that "a judgment of the court shall be entered upon the award made pursuant to the arbitration . . . then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award . . . ." 9 U.S.C. § 9. However, "the FAA does not itself confer jurisdiction on federal district courts over actions to compel arbitration or to confirm or vacate arbitration awards [citations omitted], nor does it create a federal cause of action giving rise to federal question jurisdiction under 28 U.S.C. § 1331." *United States v. Park Place Assocs., Ltd.*, 563 F.3d 907, 918 (9th Cir. 2009). Under 28 U.S.C. § 1332, district courts have diversity jurisdiction where there is diversity between parties and the amount in controversy exceeds $75,000. The amount in controversy is the amount claimed in the underlying arbitration dispute, not the amount awarded. *See Theis Rsch., Inc. v. Brown & Bain*, 400 F.3d 659, 664 (9th Cir. 2005).

The court must grant an order confirming an arbitration award "unless the award is vacated, modified, or corrected as prescribed in section 10 and 11 of this title." 9 U.S.C. § 9. A district court may vacate an arbitration award where: (1) "the award was procured by corruption, fraud, or undue means;" (2) "there was evident partiality or corruption in the arbitrators, or either of them;" (3) "the arbitrators were guilty of misconduct in refusing

1  to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence
2  pertinent and material to the controversy; or of any other misbehavior by which the rights
3  of any party have been prejudiced;" or (4) "the arbitrators exceeded their powers, or so
4  imperfectly executed them that a mutual, final, and definite award upon the subject matter
5  submitted was not made." 9 U.S.C. § 10(a). A district court may modify or correct an award
6  where: (1) "there was an evident material miscalculation of figures or an evident material
7  mistake in the description of any person, thing, or property referred to in the award;" (2)
8  "the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not
9  affecting the merits of the decision upon the matter submitted;" (3) "the award is imperfect
10 in matter of form not affecting the merits of the controversy." 9 U.S.C. § 11.

**III.     ANALYSIS**

Petitioner seeks to confirm the Summary Judgment Order, Final Arbitration Award, and Order for the Bill of Costs. (*See* Doc. 10 at 1). This Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332. Petitioner is a Delaware corporation with its principal place of business in California. (*See* Doc. 13 at 2). Respondent is a citizen of Arizona. (*See id.*). Additionally, Respondent sought $500,000 in his arbitration demand. (*See id.*). The parties are citizens of different states and the amount sought exceeds $75,000. Thus, the requirements of 28 U.S.C. § 1332 are met. In the Arbitration Agreement, the parties agreed that "[a] court of competent jurisdiction shall have authority to enter a judgment upon the award made pursuant to the arbitration." (Doc. 10-1 at 5). Additionally, Petitioner brought this application to confirm the arbitration award on March 9, 2023, within one year of the November 2, 2022 award. (*See* Doc. 1 at 5-6). Therefore, Petitioner properly brought this petition under 9 U.S.C. § 9.

Petitioner argues that if the award is not vacated, modified, or corrected, the Court must grant such an order. (*See id.* at 4). "A district court may vacate an arbitration award in only limited circumstances prescribed by statute…." *Stafford v. BAART Behav. Health Servs., Inc.*, 855 F. App'x 426, 427 (9th Cir. 2021). Respondent did not file a petition to vacate, but in in his opposition, "request[ed] that the costs imposed be eliminated entirely

or, in the alternative, that the court significantly reduce the amount of cost imposed….." (*See* Doc. 17 at 1). Even if the Court considers this a petition to vacate, Respondent fails to claim a ground for vacatur or modification under 9 U.S.C. § 10–11.

First, Respondent argues the Court should refuse to award costs because he "has limited financial ability to make the payment." (Doc. 17 at 3). Respondent cites cases where the Court was exercising its discretion to award costs, not where a Court was reviewing arbitration awards. Inability to pay is not listed in 9 U.S.C. § 10. Therefore, the Court may not vacate the award because of Respondent's financial limitations.

Next, Respondent argues the Court should refuse to award costs because of issues of fairness and justice. (*See* Doc. 17 at 5). Specifically, Respondent contends that awarding costs "would dimmish the importance" of the issues brought by the Respondent. (*Id.* at 5). Additionally, Respondent argues that his claims had merit, the requested costs will deter future productive civil rights litigation, and the Respondent brought his claims in good faith. (*See id.* at 5, 7, 8). Public policy issues of fairness and justice are not listed in 9 U.S.C. § 10, however. The cases cited by the Respondent involve a district court refusing to award costs for the public policy reasons he listed. However, these cases are inapplicable to the facts in this case because this Court is reviewing an arbitration award, not exercising its own discretion. Consequently, Respondent failed to claim a ground for vacatur.

Finally, Respondent argues the Court should reduce the awarded costs because the Petitioner "request[ed] unreasonable costs." (Doc. 17 at 9). Again, Respondent cites cases where the Court was exercising discretion to award costs, not reviewing arbitration awards. Unreasonableness is not a basis for correction or modification under 9 U.S.C. § 11. Thus, the Court must defer to the Arbitrator's findings that the costs were reasonable. (*See* Doc. 10-1 at 160).

None of the arguments raised by Respondent fit the limited situations listed in 9 U.S.C. § 10–11 for the Court to vacate, modify, or correct an arbitration award. Absent such, the Court will confirm such an award. *See* 9 U.S.C. § 9. Therefore, the Court grants Petitioner's application for confirmation of the arbitration award.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Petitioner Uber Technologies, Inc.'s Petition to Confirm the Arbitration Award (Doc. 1, as amended at Doc. 10) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Arbitration Award is confirmed in favor of Petitioner Uber Technology, Inc.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter judgment in favor of Petitioner Uber Technology, Inc. and against Respondent Sir Lawrence Davis in the amount of $3,379.73, plus post-judgment interest at the rate listed in 28 U.S.C. § 1961 accruing from today until such amount is paid by Respondent.

Dated this 27th day of October, 2023.

James A. Teilborg
Senior United States District Judge